Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

PAUL ALSTON                    1126-0
MALIA E. KAKOS                 7410-0
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:     palston@ahfi.com
            mkakos@ahfi.com

Attorneys for Defendant
GBBY EWA LIMITED PARTNERSHIP

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| In Re:<br><br>METROPOLITAN MORTGAGE &<br>SECURITIES, CO., INC. and SUMMIT<br>SECURITIES, INC.,<br><br>      Debtors. | Case No. 04-00757<br>(Bankr. E.D. Wash.)<br>Chapter 11 |
| SUMMIT CREDITORS' TRUST,<br><br>      Plaintiff,<br><br>vs.<br><br>HAWAII FOREST PRESERVATION,<br>LLC; OHANA SANCTUARY, LLC;<br>BEVERLY ING LEE; FINANCE<br>FACTORS, LIMITED; D. BUYERS<br>ENTERPRISES, LLC; JOHN DOES 1-<br>50; JANE DOES 1-50; DOE<br>PARTNERSHIPS 1-50; DOE<br>CORPORATIONS 1-50; DOE | Adv Pro. No. 09-90020<br><br>**FINDINGS OF FACT, CONCLUSIONS<br>OF LAW, ORDER GRANTING IN<br>PART AND DENYING IN PART<br>PLAINTIFF FINANCE FACTORS,<br>LIMITED'S MOTION FOR SUMMARY<br>JUDGMENT AND INTERLOCUTORY<br>DECREE OF FORECLOSURE, AND**<br>*[Caption Continued on Next Page]*<br><br>Hearing Date:  January 8, 2010<br>Hearing Time:  10:00 a.m.<br>Hearing Judge:<br>      Honorable Robert J. Faris |

734575v1 / 8897 -1

ENTITIES 1-50 and DOE
GOVERNMENTAL UNITS 1050,

    Defendants.

FINANCE FACTORS, LIMITED,

    Plaintiff,

  vs.

SUMMIT CREDITORS' TRUST;
HAWAII FOREST PRESERVATION,
LLC also known as HAWAII FOREST
PRESERVATION LLC; OHANA
SANCTUARY, LLC; KYLE E. DONG;
HHI-L ENTERPRISES, LLC; HHI-B
ENTERPRISES, LLC; KAUILANI EWA,
LLC; DHI DEVELOPMENT, LLC;
KAUILANI MANAGEMENT, INC.;
LOWELL C. E. ING; BEVERLY ING
LEE; D. BUYERS ENTERPRISES,
LLC; GBBY EWA LIMITED
PARTNERSHIP; JOHN DOES 1-50;
JANE DOES 1-50; DOE
PARTNERSHIPS 1-50; DOE
CORPORATIONS 1-50; DOE
ENTITIES 1-50 and DOE
GOVERNMENTAL UNITS 1-50,

    Defendants.

**ORDER GRANTING DEFENDANT
GBBY EWA LIMITED
PARTNERSHIP'S COUNTER MOTION
FOR SUMMARY JUDGMENT AND
INTERLOCUTORY DECREE OF
FORECLOSURE; EXHIBITS "A-1" –
"A-3"**

Adv Pro. No. 09-90053

Judge: Honorable Robert J. Faris

**FINDINGS OF FACT, CONCLUSIONS OF LAW,
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF
FINANCE FACTORS, LIMITED'S MOTION FOR SUMMARY
JUDGMENT AND INTERLOCUTORY DECREE OF
FORECLOSURE, AND ORDER GRANTING DEFENDANT
GBBY EWA LIMITED PARTNERSHIP'S COUNTER MOTION FOR
SUMMARY JUDGMENT AND INTERLOCUTORY DECREE OF
FORECLOSURE**

   Plaintiff Finance Factors, Limited's Motion For Summary Judgment

and Interlocutory Decree Foreclosure, Filed November 13, 2009 (the "Motion")

and Defendant GBBY Ewa Limited Partnership's Counter Motion for Summary Judgment and Interlocutory Decree of Foreclosure ("GBBY Motion"), came on for hearing before the Honorable Robert J. Faris on January 8, 2010, at 10:00 a.m. Keith Y. Yamada, Esq. and Theodore D.C. Young, Esq. appeared for Plaintiff Finance Factors, Limited ("Finance Factors"). Malia Kakos, Esq. appeared on behalf of Defendant, Cross-Claimant, and Counterclaimant GBBY Ewa Limited Partnership ("GBBY"). Susan Tius, Esq. and Cheryl Nakamura, Esq. appeared for Defendant Summit Creditors' Trust ("Summit"). Gary G. Grimmer, Esq. appeared on behalf of D. Buyers Enterprises, LLC ("Buyers"). John Yamano, Esq. appeared on behalf of Ohana Sanctuary, LLC ("Ohana"). Henry F. Beerman, Esq. appeared on behalf of Beverly Ing Lee ("Lee"). No other party appeared at the hearing on the motions.

Based on the evidence, the Court makes the following Findings of Fact, Conclusions of Law, Order Granting in Part and Denying in Part Finance Factors' Motion for Summary Judgment and Interlocutory Decree of Foreclosure and Order Granting GBBY's Counter Motion for Summary Judgment and Interlocutory Decree of Foreclosure.

The Court having determined that the provisions of Rules 7052 and 7056 of the Federal Rules of Bankruptcy Procedure, which provides that Rules 52 and 56, of the Federal Rules of Civil Procedure applies to these proceedings, have been met, it appearing to the Court that good cause exists, the Court hereby makes the following findings of fact, conclusions of law, and order granting in part and denying in part Plaintiff's motion for summary judgment on the Mortgages (defined below) and for decree of foreclosure, and

U.S. Bankruptcy Court - Hawaii   #09-90020   Dkt # 149   Filed   02/10/10   Page 3 of 29

Granting GBBY's Motion on GBBY's Mortgage (defined below) and for decree of foreclosure.

## FINDINGS OF FACT

1.      Finance Factors is a corporation organized and existing under the laws of the State of Hawaii.

2.      Defendant Summit is a Washington trust with its principal place of business in Spokane, Washington.

3.      Defendants Hawaii Forest Preservation, LLC, also known as Hawaii Forest Preservation LLC ("Forest Preservation"), Buyers, Kauilani Ewa, LLC ("Kauilani Ewa"), HHI-L Enterprises, LLC ("HHI-L"); HHI-B Enterprises, LLC ("HHI-B"), and DHI Development, LLC ("DHI") are Hawaii limited liability companies.

4.      Defendant Ohana is a Delaware limited liability company.

5.      Defendants Lee, Kyle E. Dong ("Dong"), and Lowell C.E. Ing are and were, at all times relevant herein, residents of the State of Hawaii.

6.      Defendant Kauilani Management, Inc. is a Hawaii corporation.

7.      Defendant, Cross-Claimant, and Counterclaimant GBBY is a Hawaii limited partnership.

8.      Defendants John Does 1-50, Jane Does 1-50, Doe Partnerships 1-50, Doe Corporations 1-50, Doe Entities 1-50 and Doe Governmental Units 1-50 are persons or entities who have or may have lien rights or other interests in the mortgaged properties, but their names,

identities and capacities are not presently known to Finance Factors and its attorneys.

9. Defendant Lee is fee simple owner of those certain properties located at TMK Nos. (3) 2-7-001-001 and (3) 2-8-001-002, a true and correct copy of the legal descriptions are attached hereto as Exhibit "A-1" (the "Forest Preservation Properties").

10. Defendant Kauilani Ewa is the fee simple owner of those certain properties located at TMK Nos. (1) 9-1-037-146, -150, -152, -153, and Defendant Beverly Lee is the fee simple owner of those certain properties located at TMK Nos. (1) 9-1-037-151, -154, -156, -159, -160, -161, -162, -163, -164, -165, -166, -167, -168, -169, -170, -171, -172, -173, -174, -175, a true and correct copy of the legal descriptions are attached hereto as Exhibit "A-2" (collectively, the "Kauilani Ewa Properties") (collectively, the Forest Preservation Properties and the Kauilani Ewa Properties are referred to as the "Mortgaged Properties").

11. Defendant Lee is the fee simple owner of that certain property located at TMK No. (1) 4-3-008-024, a true and correct copy of the legal description is attached hereto as Exhibit "A-3" (the "Lanikai Lot"). The Lanikai Lot shall not be considered to be part of the Mortgage Properties as defined hereinabove because Defendant Lee has raised a genuine issue of material fact as to the validity of the Lanikai Lot Mortgage (as defined below).

**Forest Preservation Properties**

12. On June 30, 2005, Summit Securities, Inc. ("Summit Securities"), Metropolitan Mortgage & Securities Co., Inc. ("Metropolitan"),

Finance Factors and Forest Preservation entered into that certain Intercreditor and Subordination Agreement (the "Intercreditor Agreement"), whereby the parties agreed that Finance Factors would loan money to Forest Preservation, that Forest Preservation would grant a first and third mortgage to Finance Factors, and Summit Securities and Metropolitan would subordinate their mortgage (recorded in the Bureau of Conveyances of the State of Hawaii (the "Bureau") as Document No. 2000-104969) to the second mortgage position after the Forest Preservation First Mortgage (defined below) and before the Forest Preservation Third Mortgage (defined below).

13.     On June 30, 2005, Forest Preservation, Summit Securities and Finance Factors executed that certain Subordination of Mortgage and Security Instruments (the "Subordination"), recorded in the Bureau as Document No. 2005-133399, whereby Summit Securities subordinated its mortgage made by Forest Preservation and recorded as Document No. 2000-104969.

14.     Summit Securities assigned its note and loan documents to Defendant Summit by that certain Assignment of Loan Documents effective April 25, 2006, acknowledged on June 12, 2008, recorded in the Bureau as Document No. 2009-035233, and Defendant Summit is now the mortgagee in the second mortgage position after the Forest Preservation First Mortgage (defined below) and before the Forest Preservation Third Mortgage (defined below).

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 149  Filed  02/10/10  Page 6 of 29

15.     On June 30, 2005, Kauilani Ewa, Forest Preservation and Dong for value received, executed a Promissory Note for the principal amount of $5,850,000.00 in favor of Finance Factors, which was to mature on July 1, 2006 ("Note 1").

16.     On June 30, 2005, Kauilani Ewa, Forest Preservation and Dong for value received, executed a Promissory Note for the principal amount of $2,850,000.00 in favor of Finance Factors, which was to mature on July 1, 2006 ("Note 2") (collectively, Note 1 and Note 2 are hereinafter referred to as the "Notes").

17.     On June 30, 2005, Forest Preservation, as mortgagor, executed and delivered to Finance Factors, as mortgagee, that certain First Mortgage With Assignment of Rents, Security Agreement and Financing Statement, recorded in the Bureau as Document No. 2005-133388, to secure Note 1 (the "Forest Preservation First Mortgage").

18.     On June 30, 2005, Forest Preservation, as mortgagor, executed and delivered to Finance Factors, as mortgagee, that certain Third Mortgage With Assignment of Rents, Security Agreement and Financing Statement, recorded in the Bureau as Document No. 2005-133389, to secure Note 2 (the "Forest Preservation Third Mortgage").

19.     On June 30, 2005, as a further inducement to Finance Factors to make the loan, evidenced by the Notes, to Kauilani Ewa, Forest Preservation and Dong, as borrowers, DHI, Kauilani Management and Lowell Ing, as obligors, executed that certain Direct Liability Agreement,

agreeing to be directly liable to Finance Factors for all sums due under the Notes.

**Kauilani Ewa Properties**

20. On June 30, 2005, Kauilani Ewa, as mortgagor, and Dong, as developer, executed and delivered to Finance Factors, as mortgagee, that certain Mortgage With Assignment of Rents, Security Agreement and Financing Statement [With Joinder of Developer], recorded in the Office of the Assistant Registrar of the Land Court of the State of Hawaii (the "Land Court") as Document No. 3292836, and noted on Transfer Certificate of Title Nos. 755,410; 912,740; 919,184; 912,742; and 867,074, to secure the Notes (the "Kauilani Mortgage").

21. On April 13, 2006, Kauilani Ewa and GBBY entered into an agreement under which GBBY agreed to make monetary advances constituting loans to Kauilani Ewa and, in return, Kauilani Ewa agreed to repay GBBY with interest at an annual rate of 10% calculated daily (the "Kauilani Ewa Term Sheet").

22. On May 5, 2006, in order to secure payment to GBBY, Kauilani Ewa, as borrower, executed a Mortgage Security Agreement and Fixture Filing, recorded in the Land Court as Document No. 3427410, on May 11, 2006 (the "GBBY Mortgage") in favor of GBBY, as lender.

23. The GBBY Mortgage is an encumbrance on Beverly Lee and Kauilani Ewa's interests in the Kauilani Properties.

24. The lien of the GBBY Mortgage is valid and existing and junior only to the Kauilani Mortgage, and senior and superior to every other

party Defendant's interest, if any, in the Kauilani Ewa Properties, including certain personal property as described therein.

25. Despite demand therefore, Defendant Kauilani Ewa, LLC has failed to make agreed upon payments under the Kauilani Ewa Term Sheet and each such failure is a default under the Kauilani Ewa Term Sheet and the GBBY Mortgage.

26. GBBY alleges that Defendant Kauilani Ewa owes GBBY the following under the Kauilani Ewa Term Sheet and the GBBY Mortgage:

| | |
|---|---:|
| Principal Balance: | $864,455.71 |
| Interest to 12/21/09 at 10.0% Interest Rate | $90,878.00 |
| Per lot fee pursuant to Kauilani Ewa Term Sheet | $162,500.00 |
| **Total Amount Due as of December 21, 2009:** | **$1,117,833.71** |

PLUS additional interest after December 21, 2009, and any and all attorneys' fees and costs incurred by GBBY. The exact amount due and owing to GBBY will be determined at the confirmation of sale hearing.

27. Defendants KAUILANI EWA, LLC and BEVERLY ING LEE may claim an interest in the Kauilani Ewa Properties, which interest, if any, is junior and subordinate to Finance Factor's lien under the Kauilani Mortgage and GBBY's lien under the GBBY Mortgage.

28. On or about April 7, 2006, Finance Factors, Kauilani Ewa and GBBY entered into that certain Term Sheet (April 7, 2006) (the "Lenders' Agreement"), a short form of which is recorded in the Land Court as Document No. 3427411, and noted on Transfer Certificate of Title Nos. 755,410; 912,740; 919,184; 912,742; and 867,074, whereby Finance Factors, Kauilani Ewa and GBBY agreed that the GBBY Mortgage recorded as Document No. 3427410,

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 149  Filed  02/10/10  Page 9 of 29

would be subordinate to the Kauilani Mortgage and that proceeds from the sale of the Kauilani Ewa Properties would be distributed as set forth in the Lenders' Agreement notwithstanding the order of the registration of the mortgages.

**Lanikai Lot**

29.     Finance Factors alleges that on June 30, 2005, as a further inducement to Finance Factors to make the loan, evidenced by the Notes, to Kauilani Ewa, Forest Preservation and Dong, as borrowers, HHI-L and HHI-B, as mortgagors, executed and delivered to Finance Factors, as mortgagee, that certain Additional Security Mortgage With Assignment of Rents, Security and Financing Statement, recorded in the Land Court as Document No. 3292837 and noted on Transfer Certificate of Title No. 851,795, to secure the Notes (the "Lanikai Lot Mortgage").  Because there is a genuine issue of material fact as to the validity of the power of attorney used to sign the mortgage documents, there is also a genuine issue of material fact regarding the validity of the Lanikai Lot Mortgage.

30.     Defendant Lee claims that the power of attorney given by Helen Heu Ing (the "POA") and relied upon by Finance Factors was forged.

31.     Defendant Lee has raised a genuine issue of material fact as to the validity of the POA, which has supported the Lanikai Lot Mortgage.

32.     On March 10, 2009, Finance Factors, as lender, and Kauilani Ewa, Forest Preservation and Dong, collectively as borrower, entered into that certain Amendment of Promissory Notes (the "Notes Amendment") whereby the parties confirmed that the disbursed and outstanding principal

balance of the Notes was $4,848,913.06, and agreed, among other things, to extend the maturity date under the Notes to April 1, 2009.

33.     The Forest Preservation First Mortgage, Forest Preservation Third Mortgage, and the Kauilani Mortgage (collectively, the "Mortgages") are encumbrances on Beverly Lee and Kauilani Ewa's interests in the Mortgaged Properties.

34.     The liens of the Forest Preservation First Mortgage and Kauilani Mortgage are valid and existing and senior and superior to each party defendant's interest, if any, in the Mortgaged Properties, including certain personal property as described therein.

35.     The lien of the Forest Preservation Third Mortgage is valid and existing and junior only to Summit's mortgage recorded in the Bureau as Document No. 2000-104969, and senior and superior to each and every other party defendant's interest, if any, in the Kauilani Ewa Properties, including personal property as described therein.

36.     Despite demand therefore, Defendants Hawaii Forest Preservation LLC, Kauilani Ewa, LLC, Kyle E. Dong, DHI Development, LLC, Kauilani Management, Inc., and Lowell C.E. Ing have failed to make agreed upon payments under the Notes and each such failure is a default under the Notes, the Mortgages and the Direct Liability Agreement.

37.     The Notes matured on April 1, 2009, and by reason of such maturity and defaults, Finance Factors declared the entire indebtedness secured by the Mortgages immediately due and payable.

38.    Defendants Hawaii Forest Preservation LLC, Kauilani Ewa, LLC, Kyle E. Dong, DHI Development, LLC, Kauilani Management, Inc., and Lowell C.E. Ing owe Finance Factors the following under the Notes and the Mortgages:

| | |
|---|---|
| Principal Balance: | $4,848,913.06 |
| Interest to 4/01/09 at 8.0% Interest Rate | $34,087.72 |
| Interest from 4/02/09 to 7/24/09 at 24% Default Interest Rate | $360,280.88 |
| Loan Fees | $3,950.00 |
| **Total Amount Due as of June 24, 2009:** | **$5,247,231.66** |

PLUS additional interest at the default rate of 24% per annum and late charges after July 24, 2009, and any and all attorneys' fees and costs incurred by Finance Factors.

39.    Defendants SUMMIT CREDITORS' TRUST, HAWAII FOREST PRESERVATION, LLC, also known as HAWAII FOREST PRESERVATION LLC, OHANA SANCTUARY, LLC, KYLE E. DONG, HHI-L ENTERPRISES, LLC, HHI-B ENTERPRISES, LLC, KAUILANI EWA, LLC, DHI DEVELOPMENT, LLC, KAUILANI MANAGEMENT, INC., LOWELL C.E. ING, BEVERLY ING LEE, D. BUYERS ENTERPRISES, LLC, GBBY EWA LIMITED PARTNERSHIP, JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50, DOE ENTITIES 1-50 and DOE GOVERNMENTAL UNITS 1-50 may claim an interest in the Mortgaged Properties, which interest, if any, is junior and subordinate to Finance Factors' liens under the Mortgages (except with respect to Summit's mortgage recorded in the Bureau as Document No. 2000-104969, on the Forest Preservation Properties as noted herein).

U.S. Bankruptcy Court - Hawaii   #09-90020   Dkt # 149   Filed  02/10/10   Page 12 of 29

~~40. NOTICE IS HEREBY GIVEN THAT THIS ACTION IS AN ATTEMPT TO COLLECT A DEBT, THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE, AND THAT THE DEBT MAY BE DISPUTED.~~ *RJF*

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and the subject matter.

2. The Forest Preservation First Mortgage and the Kauilani Mortgage are valid liens upon the Mortgaged Properties securing payment of the amount owed to Finance Factors on the Notes senior and superior to each and every other party's interest in the Mortgaged Properties.

3. The Forest Preservation Third Mortgage is a valid lien upon the Forest Preservation Properties securing payment of the amount owed to Finance Factors on the Notes junior only to Summit's mortgage made by Forest Preservation recorded in the Bureau as Document No. 2000-104969, and senior and superior to each and every other party's interest in the Forest Preservation Properties.

4. The GBBY Mortgage is a valid lien upon the Kauilani Ewa Properties securing payment of the amount owed to GBBY pursuant to the Kauilani Ewa Term Sheet, and is junior only to the Kauilani Mortgage.

5. Finance Factors is entitled to have the Mortgages foreclosed (exclusive of the Lanikai Lot Mortgage), the Mortgaged Properties (exclusive of the Lanikai Lot) sold in the manner provided by law, and the sales proceeds applied to the amounts owed to Finance Factors on the Notes and Mortgages.

U.S. Bankruptcy Court - Hawaii   #09-90020   Dkt # 149   Filed 02/10/10   Page 13 of 29

6.     The GBBY Motion is a proper Counter Motion.  GBBY is entitled to have the GBBY Mortgage foreclosed, the Kauilani Ewa Properties sold in a matter provided by law, and the sales proceeds shall be disbursed to Finance Factors and GBBY in accordance with the Term Sheet (April 7, 2006).

7.     GBBY and Summit's claims for marshaling of collateral will be decided at the confirmation of sale hearings and the burden is on the parties advocating marshaling.  The Commissioner appointed herein shall sell the Mortgaged Properties in the order agreed upon by the parties.  If the parties cannot agree upon the order of the sale of the Mortgaged Properties and whether the lots of the Kauilani Ewa Properties should be sold individually or in bulk, the Commissioner, after consultation with the parties, shall decide when and how the Mortgaged Properties are sold, taking into account the interests of all parties, and whether  the Kauilani Ewa Properties shall be sold individually or in bulk; provided, however, if the lots are sold individually, they shall be sold on one date and pursuant to a single set of advertisements.

8.     Finance Factors did not breach the duty of good faith and fair dealing to Summit and GBBY.  The implied duty of good faith and fair dealing does not create a power by the Court to cut down interest rates because they seem too high.

9.     Finance Factors is entitled to recover all loan and extension fees under the Notes and Finance Factors' recovery shall not be affected in any way by any collateral released by Finance Factors as Finance Factors owed no duty to any other party to maximize its recovery from properties in which other

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 149  Filed 02/10/10  Page 14 of 29

parties have no interest in. Such loan and extension fees are not illegal, contrary to any statute or contrary to any of the loan documents.

      10.    Finance Factors had the right to apply payments to the Forest Preservation Third Mortgage prior to the Forest Preservation First Mortgage and such application of payments shall not reduce Finance Factors' recovery under the Forest Preservation First Mortgage. Creditors who receive payments have a right to apply such payments in any manner they choose unless the person making such payment gives the creditor instruction to the contrary or the loan documents provide for the application of payments. *Ranier v. Mt. Sterling National Bank*, 812 S.W.2d 154 (Ky. 1991), is not controlling law because it is a Kentucky state case and is a unique rule followed only in Kentucky. *Ranier* is distinguishable because in *Ranier*, payments were applied to a brand new loan made after the fact in which the second lien holder was not aware of and did not contemplate. In this case, all obligations were undertaken at the same time and all parties had knowledge of senior and junior obligations and no party bargained for or received a restriction on the application of payments. *Ranier* is not a version of the duty of good faith and fair dealing that the Hawaii Courts would apply.

      11.    Finance Factors is entitled to recover interest at the default interest rate of 24% per annum because it is legal under Hawaii law, was provided for under the loan documents, and because there was no contractual restriction against charging such amount. The bankruptcy cases cited by Summit are not relevant to this case because none of the mortgagors herein are in bankruptcy.

U.S. Bankruptcy Court - Hawaii   #09-90020   Dkt # 149   Filed  02/10/10   Page 15 of 29

12.     Finance Factors is entitled to a deficiency judgment against Defendants Hawaii Forest Preservation LLC, Kauilani Ewa, LLC, Kyle E. Dong, DHI Development, LLC, Kauilani Management, Inc., and Lowell C.E. Ing for the difference between the amount owed to Finance Factors on the Notes and the Mortgages, and the proceeds of the sale of the Mortgaged Properties applied thereto.

13.     GBBY is entitled to a deficiency judgment against Defendant Kauilani Ewa, LLC for the difference between the amount owed to GBBY on the Kauilani Ewa Term Sheet and the GBBY Mortgage, and the proceeds of the sale of the Kauilani Ewa Properties paid to GBBY.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF FINANCE FACTORS, LIMITED'S MOTION FOR SUMMARY JUDGMENT AND INTERLOCUTORY DECREE OF FORECLOSURE AND GRANTING GBBY EWA LIMITED PARTNERSHIP'S COUNTER MOTION FOR SUMMARY JUDGMENT AND INTERLOCUTORY DECREE OF FORECLOSURE

1.     Finance Factors' Motion for Summary Judgment filed on November 13, 2009, is hereby granted in part and denied in part.  GBBY's Counter Motion filed on December 21, 2009, is hereby granted.

2.     JOEL K. LaPINTA                , whose address is 40 Kamehameha Ave., Hilo HI 96720     , whose telephone number is (808) 961-0161     , and whose email address is lapinta @ lapinta.com is hereby appointed Commissioner of this Court to take possession of, and sell the Mortgaged Properties as set forth in Conclusion of Law paragraph number 7 above:

(a)     The Forest Preservations Properties bearing Tax Map Key Nos. (3) 2-7-001-001 and (3) 2-8-001-002, as further described in Exhibit "A-1" attached hereto; and

(b)     The Kauilani Ewa Properties bearing TMK Nos. (1) 9-1-037-146, -150, -151, -152, -153, -154, -156, -159, -160, -161, -162, -163, -164, -165, -166, -167, -168, -169, -170, -171, -172, -173, -174, and -175, as further described in Exhibit "A-2" attached hereto.

3.     Said Commissioner is to serve without bond and at a reasonable fee to be determined by the Court.  The Commissioner's fees and costs shall be deemed to be secured by the Mortgages.

4.     The Commissioner is hereby authorized and directed to:

(a)     Take possession, manage, preserve, and dispose of the Mortgaged Properties as herein directed;

(b)     Demand and collect all rent due and owing from any tenant of the Mortgaged Properties;

(c)     Publish notice of the sales of the Mortgaged Properties in a newspaper having a general circulation published in the City and County of Honolulu (for the Kauilani Ewa Properties) and the County of Hawaii (for the Forest Preservation Properties), State of Hawaii, once in each week for three (3) consecutive weeks, the last notice to be published not later than 21 days prior to the auction of the respective properties;

(d)     Sell the Mortgaged Properties as set forth in Conclusion of Law paragraph number 7 above without an upset price to the highest bidder at a public auction or auctions, which the Commissioner may postpone from time

U.S. Bankruptcy Court - Hawaii   #09-90020   Dkt # 149   Filed 02/10/10   Page 17 of 29

to time as necessary, to be conducted no sooner than twenty-one (21) days after the third notice of the sale, with ten percent (10%) of the sale price payable to the Commissioner in cash, certified or cashier's check, at the time of the auction, which amount shall be subject to forfeiture if the purchaser fails to close the purchase as ordered by the Court, and the balance payable to the Commissioner in cash, certified or cashier's check, concurrently with delivery of documents transferring title to the Mortgaged Properties to the purchaser or purchasers, the sales being subject to confirmation by this Court, and free and clear of any and all claims, rights, title and interest of any person whatsoever, including all parties to this action and all persons claiming by, through or under them;

(e)     File reports with this Court after each sale of a Mortgaged Property.  If the lots of the Kauilani Ewa Properties are sold in bulk, rather than individually, the Commissioner shall allocate and include in the report a per lot price taking into consideration the Term Sheet (April 7, 2006);

(f)     Execute and deliver documents transferring title to the Mortgaged Properties to the respective purchaser(s), or designee(s), within thirty (30) days after confirmation of the sale by this Court; and

(g)     Disburse the sale and rent proceeds according to further orders of this Court.

5.     The cost of drafting documents transferring title to the Mortgaged Properties to the purchaser(s), notary fees, escrow fees, conveyance tax, recordation fees, consent fees, and title insurance premiums shall be payable by the purchaser(s) thereof.

U.S. Bankruptcy Court - Hawaii   #09-90020   Dkt # 149   Filed 02/10/10   Page 18 of 29

6. The purchaser(s) shall be responsible for securing possession of the Mortgaged Properties as of the date of closing.

7. Finance Factors and all other parties to this action are hereby authorized to bid for the Mortgaged Properties at the public auction. If Finance Factors is the highest bidder, payment of the down payment and the balance of the sale price shall be made by offset against the amount owed to Finance Factors on the Notes and Mortgages. At the confirmation hearing, the Court will determine as to each of the lots in the Kauilani Ewa Properties (if GBBY is the high bidder) whether and to what extent, if any, GBBY will be entitled to credit bid a portion of the purchase price for such property(ies).

8. If the sale and rent proceeds are insufficient to satisfy the amount owed to Finance Factors on the Notes and Mortgages, this Court will enter a deficiency judgment in favor of Finance Factors against Defendants Hawaii Forest Preservation LLC, Kauilani Ewa, LLC, Kyle E. Dong, DHI Development, LLC, Kauilani Management, Inc., and Lowell C.E. Ing for the difference between the amount owed to Finance Factors on the Notes and the sale and any rent proceeds applied thereto. If the sale and rent proceeds are insufficient to satisfy the amount owed to GBBY, this Court will enter a deficiency judgment in favor of GBBY and against Defendant Kauilani Ewa, LLC.

9. At the confirmation of foreclosure sales hearings, the Court will allow reopening of the auction by accepting bids higher than the highest bid at the Commissioner's sale. Anyone may reopen the auction by bidding, including all parties to this action and any other interested person, whether or

not any such party or interested person has bid, or could have bid, at the Commissioner's sale.

      10.    Pursuant to Hawaii Revised Statutes Sections 501-151 and 634-51, any and all other or further encumbrances or purchasers of the Mortgaged Properties hereinbefore described, or any part thereof, whose interest arises from and after August 13, 2009, the date of the recording of Plaintiff's Notice of Pendency of Action, to the date of closing of said Mortgaged Properties, are hereby forever barred of and from any and all right, title and interest in and to the Mortgaged Properties and every part thereof. Only after recordation of the conveyance documents, all Notices of Pendency of Action shall have no further force or effect on the Mortgaged Properties as described in Exhibits "A-1" and "A-2".

      11.    Finance Factors' motion for summary judgment is denied without prejudice with respect to the Lanikai Lot. Defendant Lee has raised an issue of material fact with respect to the validity of the POA utilized to execute the Lanikai Lot Mortgage.

      12.    Pursuant to Rule 7054 of the Federal Rules of Bankruptcy Procedure and Rule 54(b) of the Federal Rules of Civil Procedure, this Court expressly determines and directs that this Order is a final judgment, as there is no just reason for delay.

13.    This Court retains jurisdiction in this action over all matters

not herein determined and specifically with respect to the Lanikai Lot.

DATED:  Honolulu, Hawaii, _____ FEB 0 9 2010 _____.

_____

UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM:


___/s/ KEITH Y. YAMADA_____            ___/s/ SUSAN TIUS_____
KEITH Y. YAMADA                                        SUSAN TIUS
THEODORE D. C. YOUNG                               CHERYL A. NAKAMURA
TERI-ANN E. S. NAGATA                                Attorneys for Defendant
LORI K. AMANO                                            SUMMIT CREDITORS' TRUST
Attorneys for Plaintiff
FINANCE FACTORS, LIMITED


___/s/ GARY G. GRIMMER_____            ___/s/ JOHN Y. YAMANO_____
GARY G. GRIMMER                                        CLIFFORD J. MILLER
Attorney for Defendant                                   JOHN Y. YAMANO
D. BUYERS ENTERPRISES, LLC                     Attorneys for Defendant
                                                                   OHANA SANCTUARY, LLC


___/s/ HENRY F. BEERMAN_____
HENRY F. BEERMAN
Attorney for Defendant
BEVERLY ING LEE

_____
*Summit Creditors' Trust vs. Hawaii Forest Preservation, LLC, et al.*; Adv. Pro. No.
09-90020; **FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER GRANTING
IN PART AND DENYING IN PART PLAINTIFF FINANCE FACTORS,
LIMITED'S MOTION FOR SUMMARY JUDGMENT AND INTERLOCUTORY
DECREE OF FORECLOSURE, AND ORDER GRANTING DEFENDANT GBBY
EWA LIMITED PARTNERSHIP'S COUNTER MOTION FOR SUMMARY
JUDGMENT AND INTERLOCUTORY DECREE OF FORECLOSURE;
EXHIBITS "A-1" – "A-3"**

U.S. Bankruptcy Court - Hawaii   #09-90020   Dkt # 149   Filed  02/10/10   Page 21 of 29

TMK: (3) 2-7-001-001

-PARCEL FIRST:-

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patents Number 4475 and 8117, Land Commission Award Number 7713, Apana 20 to V. Kamamalu, Certificate of Boundaries No. 175, being portion of the Ahupuaa of Onomea; Land Patent Grant Number 3656, Apanas 1 and 3 to Onomea Sugar Company, being portions of the Ahupuaas of Aleamai and Mokuoniki; Royal Patent Grant Number 3122 to S. L. Austin, being portion of the Ahupuaa of Alakahi; Royal Patent Number 7875, Land Commission Award Number 11215, Apana 1 to Aarona Kealiiahonui, Certificate of Boundaries No. 165, being portion of the Ahupuaa of Papaikou; Royal Patent Number 7999, Land Commission Award Number 6247, Part 2, to Kanalu, being portion of the Ahupuaa of Puumoi; Royal Patent Number 7162, Apana 2, Land Commission Award Number 11216, Apana 43 to M. Kekauonohi, being portion of the Ahupuaa of Kalaoa; Royal Patent Number 8335, Land Commission Award Number 7715, Apana 16 to Lota Kamehameha, Certificate of Boundaries No. 181, being portion of the Ahupuaa of Paukaa; situate, lying and being north of the lands of Kaiwiki and Kikala, South of the lands of Makahanaloa, and west of the lands of Kawainui and Pahoehoe, in the District of South Hilo, Island and County of Hawaii, State of Hawaii, being LOT J-1, bearing Tax Key designation (3) 2-7-001-001, and containing an area of 11,394.8 acres, more or less.


Together with, the following Easements:

1.  An Easement for access purposes, designated "Easement 1", over and across those certain lands situated at Onomea, South Hilo, Hawaii, being a portion of Royal Patent Number 8117, Land Court Award Number 7713, Apana 20 to V. Kamamalu, and further described and recorded in Liber 11553 at Page 403; and subject to the terms and provisions contained therein.

© **Title Guaranty of Hawaii, Inc.**
236 QUEEN ST., HONOLULU, HAWAII 96813, PH: (808) 533-6261

# Exhibit A-1

2.  An Easement for access purposes, designated "Easement 2A", over and across those certain lands situated at Papaikou, South Hilo, Hawaii, being a portion of Royal Patent Number 7875, Land Commission Award Number 11215, Apana 1 to Aarona Kealiiahonui, and further described and recorded in Liber 11553 at Page 403; and subject to the terms and provisions contained therein.

3.  An Easement for access purposes, designated "Easement 3", over and across those certain lands situated at Paukaa, South Hilo, Hawaii, being a portion of Royal Patent Number 8335, Land Court Award Number 7715, Apana 16 to Lota Kamehameha, and further described and recorded in Liber 11553 at Page 403; and subject to the terms and provisions contained therein.


-PARCEL SECOND:-

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Number 7192, Land Commission Award Number 8559-B, Apanas 17 and 18 to William C. Lunalilo, Certificate of Boundaries No. 36, being portion of the Ahupuaa of Makahanaloa) situate, lying and being north of the lands of Papaikou, south of the Government Lands of Kaiwiki, and west of Kaupakuea Homesteads, District of South Hilo, Island and County of Hawaii, State of Hawaii, being LOT H, and thus bounded and described as per survey May 20, 1994, to-wit:

Beginning at the southwest corner of this parcel of land, on the boundary with the Lands of Papikou, the coordinates of said point of beginning, referred to Government Survey Triangulation Station "AAHUWELA" being 13,234.50 feet north and 45,526.89 feet east, and running by azimuths measured clockwise from true South:

1.  170° 29' 20"   2,874.86   feet across the Lands of Makahanaloa, along the remainder of R.P. 7192, L.C.Aw. 8559-B, Apanas 17 and 18 to William C. Lunalilo;

2.  261° 05' 15"   26,882.88   feet along the Government Lands of Kaiwiki and Honomu;

© **Title Guaranty of Hawaii, Inc.**
235 QUEEN ST., HONOLULU, HAWAII 96813, PH: (808) 533-6261

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 149  Filed  02/10/10  Page 23 of 29

| 3. | 259° 56' 00" | 1,454.19 | feet along the Government Lands of Honomu; |
| 4. | 13° 50' 44" | 2,219.96 | feet across the Lands of Makahanaloa, along the remainder of R.P. 7192, L.C.Aw. 8559-B, Aps. 17 and 18 to William C. Lunalilo; |
| 5. | 69° 09' 47" | 3,110.53 | feet along the Government Lands of Kawainui; |
| 6. | 80° 35' 05" | 24,405.51 | feet along the Lands of Onomea and Papaikou, to the point of beginning and containing an area of 1,735.080 acres, more or less. |

Together with a 50-foot wide perpetual, nonexclusive right and easement for roadway purposes over, across, upon and through TMK (3) 2-8-003-001, beginning at the western end of the county road located on the northerly side of TMK (3) 2-8-003-001 and ending at the eastern boundary of TMK (3) 2-8-001-002, all as shown marked in red on the map shown in Exhibit "C" attached thereto and incorporated therein, as granted in GRANT OF PERPETUAL, NONEXCLUSIVE EASEMENT dated August 7, 2000, recorded as Document No. 2000-113159, and subject to the terms and provisions contained therein.

-Note:-  The property descriptions attached to Mortgages recorded as Document Nos. 2000-104969 and 2005-133388 do not include the above Easement.  No insurance as to the Easement will be provided.

BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR     :   HAWAII FOREST PRESERVATION, LLC, a Hawaii limited
                liability company

GRANTEE     :   BEVERLY ING LEE, a married woman

DATED       :   August 6, 2007
RECORDED    :   Document No. 2007-144868

U.S. Bankruptcy Court - Hawaii   #09-90020   Dkt # 149   Filed  02/10/10   Page 25 of 29

TMK: (various TMKs)

ITEM I.

All of that certain parcel of land situate at Puuloa, District of Ewa, City and County of Honolulu, State of Hawaii, described as follows:

LOTS:   1620, area 5,003 square feet,
        1624, area 5,000 square feet,
        1626, area 5,000 square feet, and
        1627, area 5,000 square feet, more or less,

as shown on Map 281, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application No. 242 (amended) of The Dowsett Company, Limited;

Together with a non-exclusive easement for access purposes to North Road over and across Roadway Lot 1649, as shown on Map 281, as set forth by Land Court Order No. 162743, filed August 17, 2005; PROVIDED, HOWEVER, that should said Lot ever be acquired by the City and County of Honolulu, or other governmental authority or otherwise be dedicated to public use, the within easement rights shall shall terminate and be extinguished as to said Lot so dedicated or conveyed.

Being the land(s) described in the following Transfer Certificates of Title issued to KAUILANI EWA, LLC, a Hawaii limited liability company:

(a)   Transfer Certificate of Title No. 912,741, as to LOT 1620;

(b)   Transfer Certificate of Title No. 919,184, as to LOT 1624;

(c)   Transfer Certificate of Title No. 912,742, as to LOT 1626;

(d)   Transfer Certificate of Title No. 912,740, as to LOT 1627.

# Exhibit A-2

Said above described parcels of land having been acquired by KAUILANI EWA, LLC, a Hawaii limited liability company, by QUITCLAIM DEEDs of BEVERLY ING LEE, wife of Daniel David Lee, as follows:

1. QUITCLAIM DEED dated May 14, 2008, filed as Land Court Document No. 3761828, as to LOT 1620;

2. QUITCLAIM DEED dated July 31, 2008, filed as Land Court Document No. 3780868, as to LOT 1624;

3. QUITCLAIM DEED dated May 14, 2008, filed as Land Court Document No. 3761829, as to LOT 1626; and

4. QUITCLAIM DEED dated May 14, 2008, filed as Land Court Document No. 3761827, as to LOT 1627.


ITEM II.

All of that certain parcel of land situate at Puuloa, District of Ewa, City and County of Honolulu, State of Hawaii, described as follows:

LOTS: 1625, area 5,000 square feet,
      1628, area 5,001 square feet,
      1630, area 5,050 square feet,
      1633, area 5,047 square feet,
      1634, area 5,020 square feet,
      1635, area 5,173 square feet,
      1636, area 5,356 square feet,
      1637, area 5,003 square feet,
      1638, area 5,438 square feet,
      1639, area 5,465 square feet,
      1640, area 5,043 square feet,
      1641, area 5,044 square feet,
      1642, area 5,059 square feet,
      1643, area 5,080 square feet,
      1644, area 5,599 square feet,
      1645, area 6,060 square feet,
      1646, area 5,773 square feet,
      1647, area 5,351 square feet, and
      1648, area 7,542 square feet, more or less,

U.S. Bankruptcy Court - Hawaii   #09-90020   Dkt # 149   Filed 02/10/10   Page 27 of 29

EXHIBIT A CONTINUED

as shown on Map 281, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application No. 242 (amended) of The Dowsett Company, Limited;

Together with a non-exclusive easement for access purposes to North Road over and across Roadway Lot 1649, as shown on Map 281, as set forth by Land Court Order No. 162743, filed August 17, 2005; PROVIDED, HOWEVER, that should said Lot ever be acquired by the City and County of Honolulu, or other governmental authority or otherwise be dedicated to public use, the within easement rights shall shall terminate and be extinguished as to said Lot so dedicated or conveyed.

Being the land(s) described in Transfer Certificate of Title No. 867,074 issued to BEVERLY ING LEE, wife of Daniel David Lee.


ITEM III.

All of that certain parcel of land situate at Puuloa, District of Ewa, City and County of Honolulu, State of Hawaii, described as follows:

LOT 1649, area 66,158 square feet, more or less, as shown on Map 281, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application No. 242 (amended) of The Dowsett Company, Limited;

Being the land(s) described in Transfer Certificate of Title No. 867,074 issued to BEVERLY ING LEE, wife of Daniel David Lee.

-AS TO ITEMS II AND III:-

      BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

      GRANTOR    :  KAUILANI EWA, LLC

      GRANTEE    :  BEVERLY ING LEE, wife of Daniel David Lee

      DATED     :  July 9, 2007
      FILED     :  Land Court Document No. 3626997

      Said above Quitclaim Deed was amended by Land Court Order No. 175330, filed June 23, 2008.

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 149  Filed 02/10/10  Page 28 of 29

TMK: (1) 4-3-008-024

All of that certain parcel of land situate at Kailua, District of Koolaupoko, City and County of Honolulu, State of Hawaii, described as follows:

LOTS 89-A, area 4,640 square feet, and
    89-B, area 6,510 square feet, more or less, of the "LANIKAI BEACH TRACT", as shown on Map 38, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application No. 505 of Helen Irwin Crocker;

Together with a perpetual right of way as an easement or easements appurtenant to said above described land, in common with all others entitled, over and along each and all of the several strips of land, leading from Mokulua Drive to the highwater mark of the sea, described and shown on Map 2 of said Application No. 505 as Lots B, C, D, E, F, G and H;

Being land(s) described in Transfer Certificate of Title No. 851,795 issued to BEVERLY ING LEE, wife of Daniel Lee.

    BEING THE PREMISES ACQUIRED BY WARRANTY DEED

| | | |
|---|---|---|
| GRANTOR | : | HHI-L ENTERPRISES LLC, a Hawaii limited liability company, and HHI-B ENTERPRISES LLC, a Hawaii limited liability company |
| GRANTEE | : | BEVERLY ING LEE, wife of Daniel David Lee |
| DATED | : | April 5, 2005 |
| FILED | : | Land Court Document No. 3582266 |

© **Title Guaranty of Hawaii, Inc.**
235 QUEEN ST., HONOLULU, HAWAII 96813, PH: (808) 533-6261

# Exhibit A-3