RUSH MOORE LLP
A Limited Liability Law Partnership

SUSAN TIUS          2873-0
CHERYL A. NAKAMURA  3007-0
737 Bishop Street, Suite 2400
Pacific Guardian Center, Mauka Tower
Honolulu, Hawaii  96813-3862
Telephone No.: (808) 521-0406
Facsimile No. (808) 521-0497
E-mail: Stius@rmhawaii.com

Attorneys for SUMMIT CREDITORS' TRUST

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In Re:<br><br>METROPOLITAN MORTGAGE &<br>SECURITIES, CO., INC. and<br>SUMMIT SECURITIES, INC.,<br><br>          Debtor.<br>_____ | Case No. 04-00757<br>(Bankr. E.D. Wash.)<br>Chapter 11 |
| SUMMIT CREDITORS' TRUST,<br><br>          Plaintiff,<br><br>      vs.<br><br>HAWAII FOREST PRESERVATION,<br>LLC; OHANA SANCTUARY, LLC;<br>BEVERLY ING LEE; FINANCE<br>FACTORS, LIMITED; D. BUYERS<br>ENTERPRISES, LLC; JOHN DOES 1-<br>50; JANE DOES 1-50; DOE<br>PARTNERSHIPS 1-50; DOE<br>CORPORATIONS 1-50; DOE<br>ENTITIES 1-50 and DOE<br>GOVERNMENTAL UNITS 1-50,<br><br>          Defendants.<br>_____ | Adv Pro. No. 09-90020<br><br>FINDINGS OF FACT, CONCLUSIONS<br>OF LAW, ORDER GRANTING SUMMIT<br>CREDITORS' TRUST'S MOTION FOR<br>PARTIAL SUMMARY JUDGMENT AND<br>FOR INTERLOCUTORY DECREE OF<br>FORECLOSURE; EXHIBIT "A"<br><br>Date: February 26, 2010<br>Time: 10:00 a.m.<br>Judge: Honorable Robert J. Faris<br><br>Trial: July 12, 2010<br>(Related to Docket No. 129) |
| D. BUYERS ENTERPRISES, LLC.<br><br>          Plaintiff-<br>          Crossclaimant/ | |

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 173  Filed  04/01/10  Page 1 of 22

```
                    Counterclaimant,  )
                                      )
            vs.                       )
                                      )
SUMMIT CREDITORS' TRUST,              )
                                      )
                    Defendant-        )
                    Counterclaimant.  )
                                      )
_____ )
                                      )
FINANCE FACTORS, LIMITED,             )  Adv Pro. No. 09-90053
                                      )
                    Plaintiff,        )
                                      )
            vs.                       )
                                      )
SUMMIT CREDITORS' TRUST;              )
HAWAII FOREST PRESERVATION,           )
LLC also known as HAWAII              )
FOREST PRESERVATION LLC; OHANA        )
SANCTUARY, LLC; KYLE E. DONG;         )
HHI-L ENTERPRISES, LLC; HHI-B         )
ENTERPRISES, LLC; KAUILANI            )
EWA, LLC; DHI DEVELOPMENT,            )
LLC; KAUILANI MANAGEMENT,             )
INC.; LOWELL C.E. ING; BEVERLY        )
ING LEE; D. BUYERS                    )
ENTERPRISES, LLC; GBBY EWA            )
LIMITED PARTNERSHIP; JOHN DOES        )
1-50; JANE DOES I-50; DOE             )
PARTNERSHIPS 1-50; DOE                )
CORPORATIONS 1-50; DOE                )
ENTITIES 1-50, and DOE                )
GOVERNMENTAL UNITS 1-50,              )
                                      )
                    Defendants.       )
                                      )
_____ )
                                      )
SUMMIT CREDITORS' TRUST,              )
                                      )
                    Defendant/        )
                    Cross-Claimant,   )
                                      )
            vs.                       )
                                      )
HAWAII FOREST PRESERVATION,           )
LLC also known as HAWAII              )
FOREST PRESERVATION LLC; OHANA        )
SANCTUARY, LLC; KYLE E. DONG;         )
```

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 173  Filed  04/01/10  Page 2 of 22

```
HHI-L ENTERPRISES, LLC; HHI-B    )
ENTERPRISES, LLC; KAUILANI       )
EWA, LLC; DHI DEVELOPMENT,       )
LLC; KAUILANI MANAGEMENT,        )
INC.; LOWELL C.E. ING; BEVERLY   )
ING LEE; D. BUYERS               )
ENTERPRISES, LLC; GBBY EWA       )
LIMITED PARTNERSHIP; JOHN DOES   )
1-50; JANE DOES I-50; DOE        )
PARTNERSHIPS 1-50; DOE           )
CORPORATIONS 1-50; DOE           )
ENTITIES 1-50, and DOE           )
GOVERNMENTAL UNITS 1-50,         )
                                 )
             Cross-Claim         )
             Defendants,         )
                                 )
        and                      )
                                 )
JOHN DOES 51-100, JANE DOES      )
51-100, DOE PARTNERSHIPS         )
51-100, DOE CORPORATIONS         )
51-100, DOE ENTITIES 51-100,     )
and DOE GOVERNMENTAL UNITS       )
51-100,                          )
             Additional          )
             Cross-Claim         )
             Defendants.         )
_____
```

### FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER GRANTING SUMMIT CREDITORS' TRUST'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR INTERLOCUTORY DECREE OF FORECLOSURE

Summit Creditors' Trust's Motion for Partial Summary Judgment and for Interlocutory Decree of Foreclosure came on for hearing before the Honorable Robert J. Faris on February 26, 2010. Susan Tius, Esq. appeared for Summit Creditors' Trust ("Summit"). Theodore D.C. Young, Esq., Francis P. Hogan, Esq. and Wayne D. Nasser, Esq. appeared for Finance Factors, Limited ("Finance Factors"). Malia Kakos, Esq. appeared for GBBY Ewa Limited Partnership ("GBBY"). Gary G. Grimmer, Esq. appeared for

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 173  Filed 04/01/10  Page 3 of 22

D. Buyers Enterprises, LLC ("Buyers"). Enver W. Painter, Jr., Esq. appeared for Hawaii Forest Preservation, LLC, also known as Hawaii Forest Preservation LLC ("Forest Preservation"). Henry F. Beerman, Esq. appeared for Beverly Ing Lee ("Lee"). No other party appeared at the hearing on the Motion.

Prior to the hearing, on February 18, 2010, Summit filed Summit Creditors' Trust's Reply Memorandum re: Motion for Partial Summary Judgment and for Interlocutory Decree of Foreclosure filed on January 27, 2010 (Doc. #162), pursuant to which Summit amended the Motion for Partial Summary Judgment and for Interlocutory Decree of Foreclosure (as amended, the "Motion") to withdraw, without prejudice, the Motion as it pertains to Ohana and to the Ohana Mortgaged Property identified as Tax Map Key No. (3) 2-9-005-002, Lot G.

After hearing the Motion and considering the evidence presented, and the Court having determined that the provisions of Rules 7052, 7054 and 7056 of the Federal Rules of Bankruptcy Procedure, incorporating by reference Rules 52, 54 and 56, of the Federal Rules of Civil Procedure, have been met, it appearing to the Court that good cause exists, the Court hereby makes the following Findings of Fact, Conclusions of Law, and Order Granting Summit's Motion for Partial Summary Judgment and for Interlocutory Decree of Foreclosure.

<u>FINDINGS OF FACT</u>

1. Summit is a Washington trust with its principal place of business in Spokane, Washington.

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 173  Filed  04/01/10  Page 4 of 22

2.  Finance Factors is a corporation organized and existing under the laws of the State of Hawaii.

3.  Forest Preservation, Buyers, Kauilani Ewa, LLC ("Kauilani Ewa"), HHI-L Enterprises, LLC ("HHI-L"); HHI-B Enterprises, LLC ("HHI-B"), and DHI Development, LLC ("DHI") are Hawaii limited liability companies.

4.  Ohana is a Delaware limited liability company.

5.  Lee, Kyle E. Dong, and Lowell C.E. Ing are and were, at all times relevant herein, residents of the State of Hawaii.

6.  Kauilani Management, Inc. is a Hawaii corporation.

7.  GBBY is a Hawaii limited partnership.

8.  John Does 1-50, Jane Does 1-50, Doe Partnerships 1-50, Doe Corporations 1-50, Doe Entities 1-50 and Doe Governmental Units 1-50 are persons or entities who have or may have lien rights or other interests in the mortgaged properties, but their names, identities and capacities are not presently known to Summit and its attorneys.

9.  Lee is fee simple owner of those certain properties identified as Tax Map Key Nos. (3) 2-7-001-001 and (3) 2-8-001-002 (collectively the "Forest Preservation Properties").

10.  On or about July 27, 2000, Forest Preservation obtained a loan (the "Summit Loan") from The Mortgage Group, Inc. ("TMG") and, for value received, Forest Preservation made, executed, and delivered to TMG a Promissory Note dated July 27, 2000, in the principal amount of Three Million Four Hundred

U.S. Bankruptcy Court - Hawaii   #09-90020   Dkt # 173   Filed  04/01/10   Page 5 of 22

Eighty-Seven Thousand And No/100 Dollars ($3,487,000.00)(the "Note").

11. At the time of the execution and delivery of the Note and as a part of the same transaction and for the purpose of securing payment to TMG of the principal, interest, and other amounts under the Note, when the same should become due and payable, Forest Preservation executed certain documents including, but not limited to, the following (collectively "Summit Loan Documents"):

a. that certain Second Mortgage, Security Agreement and Financing Statement ("Forest Preservation Second Mortgage") dated July 27, 2000, recorded in the Bureau of Conveyances of the State of Hawaii as Document No. 2000-104969 made by Forest Preservation, as mortgagor. The Forest Preservation Properties which are the subject of the Forest Preservation Second Mortgage are more particularly described in Exhibit "A" attached hereto.

b. that certain Security Assignment of Proceeds Agreement dated July 27, 2000.

c. that certain Sale of Timber Harvesting Rights Agreement dated July 28, 2000, recorded as aforesaid as Document No. 2000-106110 made by Forest Preservation.

12. TMG assigned the Note and the Summit Loan Documents to Summit Securities, Inc. ("Summit Securities"), by that certain Assignment of Mortgage recorded as aforesaid on July 28, 2000, as Document No. 2000-104972.

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 173  Filed 04/01/10  Page 6 of 22

13.  On June 30, 2005, Summit Securities, Metropolitan Mortgage & Securities Co., Inc. ("Metropolitan"), Finance Factors and Forest Preservation entered into that certain Intercreditor and Subordination Agreement (the "Intercreditor Agreement"), whereby the parties agreed that Finance Factors would loan money to Forest Preservation, that Forest Preservation would grant a first and third mortgage to Finance Factors against the Forest Preservation Properties, and that Summit Securities would subordinate its mortgage (recorded in the Bureau of Conveyances of the State of Hawaii as Document No. 2000-104969) to the second mortgage position after the First Mortgage With Assignment of Rents, Security Agreement and Financing Statement dated June 30, 2005, by and between Forest Preservation, as mortgagor, and Finance Factors, as mortgagee, recorded in the Bureau as Document No. 2005-133388 (the "Forest Preservation First Mortgage") and before the Third Mortgage With Assignment of Rents, Security Agreement and Financing Statement dated June 30, 2005, by and between Forest Preservation, as mortgagor, and Finance Factors, as mortgagee, recorded in the Bureau as Document No. 2005-133389 (the "Forest Preservation Third Mortgage").

14.  On June 30, 2005, Forest Preservation, Summit Securities and Finance Factors executed that certain Subordination of Mortgage and Security Instruments (the "Subordination"), recorded in the Bureau as Document No. 2005-133399, whereby Summit Securities subordinated its Forest

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 173  Filed  04/01/10  Page 7 of 22

Preservation Second Mortgage to the Forest Preservation First Mortgage to the maximum sum of $5,850,000.00.

15. Summit Securities assigned the Note and the Loan Documents to Summit by Assignment of Loan Documents effective April 25, 2006, recorded as aforesaid as Document No. 2009-035233.

16. The lien of the Forest Preservation Second Mortgage is a valid and existing lien, senior and superior to the herein parties' interests, if any, in the Forest Preservation Properties, except for delinquent real property taxes and the Forest Preservation First Mortgage.

17. Forest Preservation has defaulted under the terms of the Summit Loan Documents by, among other things, its failure to pay the entire balance of the Summit Loan that became due and payable on May 24, 2008.

18. To date and despite proper demand upon Forest Preservation made by Summit, Forest Preservation has not satisfied the outstanding obligations under the Summit Loan.

19. The amount due and owing from Forest Preservation to Summit under the Summit Loan Documents, computed as of December 31, 2009, is as follows:

| | |
|---|---|
| Principal Balance: | $ 3,487,000.00 |
| Interest through 12/31/09: | 4,443,615.54 |
| Late charges through 12/31/09: | 26,502.71 |
| TOTAL: | $ 7,957,118.25 |

Together with per diem interest of $2,292.82 from and after January 1, 2010, at the default contractual rate of 24% per

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 173  Filed 04/01/10  Page 8 of 22

annum, and chargeable expenses, including but not limited to advances and attorneys' fees and costs.

20. Summit, pursuant to Section 634-51 of the Hawaii Revised Status recorded its Notices of Pendency of Action, as aforesaid on May 20, 2009 as Document No. 2009-078026 and on September 15, 2009 as Document No. 2009-141553.

21. There is no just reason for delay in entering a final judgment as to all of the relief requested in Summit's Motion.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and the subject matter.

2. The Forest Preservation Second Mortgage is a valid lien upon the Forest Preservation Properties securing payment of the amount owed to Summit under the Loan Documents, senior and superior to each and every other party's interest in the Forest Preservation Properties, except for real property taxes and the lien under the Forest Preservation First Mortgage.

3. There is due and owing from Forest Preservation to Summit, computed as of December 31, 2009, the following:

| | |
|---|---|
| Principal Balance: | $ 3,487,000.00 |
| Interest through 12/31/09: | 4,443,615.54 |
| Late charges through 12/31/09: | 26,502.71 |
| TOTAL: | $ 7,957,118.25 |

Together with per diem interest of $2,292.82 from and after January 1, 2010, at the default contractual rate of 24% per

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 173  Filed 04/01/10  Page 9 of 22

annum, plus chargeable expenses, including but not limited to advances and attorneys' fees and costs.

4. Summit is entitled to have the Forest Preservation Second Mortgage foreclosed upon and sold in the manner provided by law, and the sales proceeds applied to the amounts owed to Summit, the Forest Preservation Second Mortgage being a valid second lien on the Forest Preservation Properties junior only to the Forest Preservation First Mortgage.

5. Summit's and other party's claims for marshaling of the Forest Preservation Properties and other real properties mortgaged to Finance Factors (collectively the "Mortgaged Properties") will be decided at the hearings to confirm the sales of the Mortgaged Properties and the burden is on the parties advocating marshaling. The Commissioner appointed herein shall sell the Mortgaged Properties in the order agreed upon by the parties. If the parties cannot agree upon the order of the sale of the Mortgaged Properties, the Commissioner, after consultation with the parties, shall decide when and how the Mortgaged Properties are sold, taking into account the interests of all parties.

6. Summit is entitled to judgment as a matter of law on its complaint, counterclaim and cross-claim as to the parties and claims addressed in the Motion.

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 173  Filed 04/01/10  Page 10 of 22

7.  The Court expressly directs that final judgment shall be entered as to Summit as there is no just reason for delay.

## ORDER GRANTING SUMMIT CREDITORS' TRUST'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR INTERLOCUTORY DECREE OF FORECLOSURE

1.  Summit's Motion for Partial Summary Judgment and for Interlocutory Decree of Foreclosure filed on January 27, 2010, as amended, is hereby granted.

2.  Forest Preservation is in default under the Summit Loan Documents.  There is due and owing to Summit the sum of $7,957,118.25 through December 31, 2009 and per diem interest of $2,292.82 from and after January 1, 2010, and such other amounts as the Court shall determine at a subsequent hearing, all sums to be paid as hereinafter authorized.  All sums that are due or will become due under the Summit Loan Documents are valid second liens against the Forest Preservation Properties junior only to the Forest Preservation First Mortgage.

3.  JOEL K. LA PINTA, whose address is 40 Kamehameha Avenue, Hilo, Hawaii 96720, whose telephone number is (808) 961-0161, and whose e-mail address is lapinta@lapinta.com, is hereby appointed Commissioner of this Court to take possession of, and sell the Forest Preservation Properties, as set forth in Conclusion of Law paragraph number 5 above.

4.  The Commissioner is to serve without bond and at a reasonable fee to be determined by the Court.  The Commissioner's

U.S. Bankruptcy Court - Hawaii   #09-90020   Dkt # 173   Filed 04/01/10   Page 11 of 22

fees and costs, in an amount to be subsequently determined by the Court, shall be deemed to be secured by the Forest Preservation Second Mortgage.

5. The Commissioner is hereby authorized and directed to:

(a) Take possession, manage, preserve, and dispose of the Forest Preservation Properties as herein directed;

(b) Demand and collect all rent due and owing from any tenant of the Forest Preservation Properties;

(c) Publish notice of the sales of the Forest Preservation Properties in a newspaper having a general circulation published in the County of Hawaii, State of Hawaii, once in each week for three (3) consecutive weeks, the last notice to be published not later than 21 days prior to the auction of the properties;

(d) Sell the Forest Preservation Properties as set forth in Conclusion of Law paragraph number 5 above without an upset price to the highest bidder at a public auction which the Commissioner may postpone from time to time as necessary, to be conducted no sooner than twenty-one (21) days after the third notice of the sale, with ten percent (10%) of the sale price payable to the Commissioner in cash, certified or cashier's check, at the time of the auction, which amount may be subject to forfeiture if the purchaser fails to close the purchase as ordered by the Court, and the balance payable to the Commissioner

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 173  Filed 04/01/10  Page 12 of 22

in cash, certified or cashier's check, concurrently with delivery of documents transferring title to the Forest Preservation Properties to the purchaser or purchasers, the sales being subject to confirmation by this Court, and free and clear of any and all claims, rights, title and interest of any person whatsoever, including all parties to this action and all persons claiming by, through or under them, except for the Forest Preservation First Mortgage;

(e) File a Commissioner's report with this Court after the sale of the Forest Preservation Properties;

(f) Execute and deliver documents transferring title to the Forest Preservation Properties to the respective purchaser, or designee, within thirty (30) days after confirmation of the sale by this Court; and

(g) Disburse the sale and rent proceeds according to further orders of this Court.

6. The cost of drafting documents transferring title to the Forest Preservation Properties to the purchaser, notary fees, escrow fees, conveyance tax, recordation fees, consent fees, and title insurance premiums shall be payable by the purchaser thereof. The Commissioner may require that the sale close through an escrow, which escrow expense shall be the responsibility of the purchaser. Neither the availability of title insurance nor securing possession of the Forest Preservation Properties shall be a condition of closing.

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 173  Filed 04/01/10  Page 13 of 22

7.  The purchaser shall be responsible for securing possession of the Forest Preservation Properties as of the date of closing.

8.  Summit and all other parties to this action, including Finance Factors as the senior lienor, are hereby authorized to bid for the Forest Preservation Properties at the foreclosure sale.  Neither Summit nor Finance Factors shall be required to make a cash down payment.  If Finance Factors is the highest bidder, Finance Factors shall pay the purchase price:

(1)  in cash, up to the amount of any delinquent real property taxes and Commissioner's fees and costs;

(2)  to the extent that Finance Factors' bid exceeds the amount set forth in clause (1), then by offset against the amount secured by the Forest Preservation First Mortgage, up to the amount that is senior to the Forest Preservation Second Mortgage (i.e., $5,850,000.00);

(3)  to the extent that Finance Factors' bid exceeds the sum of the amounts set forth in clauses (1) and (2), in cash, up to the amount secured by the Forest Preservation Second Mortgage;

(4)  to the extent that Finance Factors' bid exceeds the sum of the amounts set forth in clauses (1), (2), and (3), then by offset up to the amount secured by the Forest Preservation Third Mortgage; and

(5)  any balance of the bid, in cash.

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 173  Filed 04/01/10  Page 14 of 22

If Summit is the highest bidder, Summit shall pay the purchase price:

(1)  in cash, up to the amount of any delinquent real property taxes and Commissioner's fees and costs, plus $5,850,000 (the maximum amount secured by the Forest Preservation First Mortgage to which the Forest Preservation Second Mortgage is subordinate);

(2)  to the extent that Summit's bid exceeds the sum of the amounts set forth in clause (1), then by offset up to the amount owed to Summit which is secured by the Forest Preservation Second Mortgage; and

(3)  any balance of the bid, in cash.

9.  At the hearing to confirm the foreclosure sale, the Court will allow reopening of the auction by accepting bids higher than the highest bid at the Commissioner's sale.  Anyone may reopen the auction by bidding, including all parties to this action and any other interested person, whether or not any such party or interested person has bid, or could have bid, at the Commissioner's sale.

10.  Pursuant to Hawaii Revised Statutes Section 634-51, any and all other or further encumbrances or purchasers of the Forest Preservation Properties hereinbefore described, or any part thereof, whose interest arises from and after May 20, 2009, the date of the recording of Summit's Notice of Pendency of Action, to the date of closing of the sale of the Forest

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 173  Filed 04/01/10  Page 15 of 22

Preservation Properties, are hereby forever barred of and from any and all right, title and interest in and to the Forest Preservation Properties and every part thereof.  Only after recordation of the conveyance documents, all Notices of Pendency of Action shall have no further force or effect on the Forest Preservation Properties.

11.  Pursuant to Rule 7054 of the Federal Rules of Bankruptcy Procedure and Rule 54(b) of the Federal Rules of Civil Procedure, this Court expressly determines and directs that this Order is a final judgment, as there is no just reason for delay.

12.  This Court retains jurisdiction in this action over all matters not herein determined.

DATED:  Honolulu, Hawaii.

*/s/ Robert J. Faris*
**United States Bankruptcy Judge**
Dated: **04/01/2010**

APPROVED AS TO FORM:

_____        _____
THEODORE D.C. YOUNG                      PAUL D. ALSTON
FRANCIS P. HOGAN                         MALIA E. KAKOS
WAYNE D. NASSER                          Attorneys for GBBY EWA LIMITED
Attorneys for FINANCE FACTORS,             PARTNERSHIP
  LIMITED

_____
Summit Creditors' Trust v. Hawaii Forest Preservation, LLC, et al.; Adv. Pro. No. 09-90020; Findings Of Fact, Conclusions Of Law, And Order Granting Summit Creditors' Trust's Motion For Partial Summary Judgment And for Interlocutory Decree Of Foreclosure

U.S. Bankruptcy Court - Hawaii   #09-90020   Dkt # 173   Filed  04/01/10   Page 16 of 22

_____     _____
GARY G. GRIMMER                     ENVER W. PAINTER, JR.
Attorney for D. BUYERS              Attorney for HAWAII FOREST
   ENTERPRISES, LLC                    PRESERVATION, LLC



_____
HENRY F. BEERMAN
Attorney for BEVERLY ING LEE















_____
Summit Creditors' Trust v. Hawaii Forest Preservation, LLC, et
al.; Adv. Pro. No. 09-90020; Findings Of Fact, Conclusions Of
Law, And Order Granting Summit Creditors' Trust's Motion For
Partial Summary Judgment And for Interlocutory Decree Of
Foreclosure

U.S. Bankruptcy Court - Hawaii  #09-90020  Dkt # 173  Filed 04/01/10  Page 17 of 22

EXHIBIT "A"

-PARCEL FIRST:-

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patents Number 4475 and 8117, Land Commission Award Number 7713, Apana 20 to V. Kamamalu, Certificate of Boundaries No. 175, being portion of the Ahupuaa of Onomea; Land Patent Grant Number 3656, Apanas 1 and 3 to Onomea Sugar Company, being portions of the Ahupuaas of Aleamai and Mokuoniki; Royal Patent Grant Number 3122 to S. L. Austin, being portion of the Ahupuaa of Alakahi; Royal Patent Number 7875, Land Commission Award Number 11215, Apana 1 to Aarona Kealiiahonui, Certificate of Boundaries No. 165, being portion of the Ahupuaa of Papaikou; Royal Patent Number 7999, Land Commission Award Number 6247, Part 2, to Kanaulu, being portion of the Ahupuaa of Puumoi; Royal Patent Number 7162, Apana 2, Land Commission Award Number 11216, Apana 43 to M. Kekauonohi, being portion of the Ahupuaa of Kalaoa; Royal Patent Number 8335, Land Commission Award Number 7715, Apana 16 to Lota Kamehameha, Certificate of Boundaries No. 181, being portion of the Ahupuaa of Paukaa; situate, lying and being north of the lands of Kaiwiki and Kikala, South of the lands of Makahanaloa, and west of the lands of Kawainui and Pahoehoe, in the District of South Hilo, Island and County of Hawaii, State of Hawaii, being LOT J-1, bearing Tax Key designation 2-7-001-001 (3), and containing an area of 11,394.8 acres, more or less.


Together with, the following Easements:

1.    An Easement for access purposes, designated "Easement 1", over and across those certain lands situated at Onomea, South Hilo, Hawaii, being a portion of Royal Patent Number 8117, Land Court Award Number 7713, Apana 20 to V. Kamamalu, and further described and recorded in Liber 11553 at Page 403; and subject to the terms and provisions, including the failure to comply with any covenants, conditions and reservations, contained therein.

2. An Easement for access purposes, designated "Easement 2A", over and across those certain lands situated at Papaikou, South Hilo, Hawaii, being a portion of Royal Patent Number 7875, Land Commission Award Number 11215, Apana 1 to Aarona Kealiiahonui, and further described and recorded in Liber 11553 at Page 403; and subject to the terms and provisions, including the failure to comply with any covenants, conditions and reservations, contained therein.

3. An Easement for access purposes, designated "Easement 3", over and across those certain lands situated at Paukaa, South Hilo, Hawaii, being a portion of Royal Patent Number 8335, Land Court Award Number 7715, Apana 16 to Lota Kamehameha, and further described and recorded in Liber 11553 at Page 403; and subject to the terms and provisions, including the failure to comply with any covenants, conditions and reservations, contained therein.


-PARCEL SECOND:-

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Number 7192, Land Commission Award Number 8559-B, Apanas 17 and 18 to William C. Lunalilo, Certificate of Boundaries No. 36, being portion of the Ahupuaa of Makahanaloa) situate, lying and being north of the lands of Papaikou, south of the Government Lands of Kaiwiki, and west of Kaupakuea Homesteads, District of South Hilo, Island and County of Hawaii, State of Hawaii, being LOT H, and thus bounded and described as per survey May 20, 1994, to-wit:

Beginning at the southwest corner of this parcel of land, on the boundary with the Lands of Papikou, the coordinates of said point of beginning, referred to Government Survey Triangulation Station "AAHUWELA" being 13,234.50 feet north and 45,526.89 feet east, and running by azimuths measured clockwise from true South:

1. 170°  29'  20"  2,874.86

feet across the Lands of Makahanaloa, along the remainder of R.P. 7192, L.C.Aw. 8559-B, Apanas 17 and 18 to William C. Lunalilo;

A2

| | | | | |
|---|---|---|---|---|
| 2. | 261° | 05' | 15" | 26,882.88 |

feet along the Government Lands
of Kaiwiki and Honomu;

| | | | | |
|---|---|---|---|---|
| 3. | 259° | 56' | 00" | 1,454.19 |

feet along the Government Lands
of Honomu;

| | | | | |
|---|---|---|---|---|
| 4. | 13° | 50' | 44" | 2,219.96 |

feet across the Lands of
Makahanaloa, along the remainder
of R.P. 7192, L.C.Aw. 8559-B,
Aps. 17 and 18 to William C.
Lunalilo;

| | | | | |
|---|---|---|---|---|
| 5. | 69° | 09' | 47" | 3,110.53 |

feet along the Government Lands
of Kawainui;

| | | | | |
|---|---|---|---|---|
| 6. | 80° | 35' | 05" | 24,405.51 |

feet along the Lands of Onomea
and Papaikou, to the point of
beginning and containing an area
of 1,735.080 acres, more or
less.

Together with a 50-foot wide perpetual, nonexclusive right and
easement for roadway purposes over, across, upon and through TMK (3)
2-8-003-001, beginning at the western end of the county road located
on the northerly side of TMK (3) 2-8-003-001 and ending at the eastern
boundary of TMK (3) 2-8-001-002, all as shown marked in red on the map
shown in Exhibit "C" attached thereto and incorporated therein, as
granted in GRANT OF PERPETUAL, NONEXCLUSIVE EASEMENT dated August 7,
2000, recorded as Document No. 2000-113159, and subject to the terms
and provisions contained therein.

-Note:-  The property descriptions attached to Mortgages recorded as
         Document Nos. 2000-104969 and 2005-133388 do not include the
         above Easement.  No insurance as to the Easement will be
         provided.

A3

BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR     :   HAWAII FOREST PRESERVATION LLC, a Hawaii limited
                liability company

GRANTEE     :   BEVERLY ING LEE, a married woman

DATED       :   August 6, 2007
RECORDED    :   Document No. 2007-144868


SUBJECT, however, to:

1.   Real Property Taxes, if any, that may be due and owing.

     Parcel First is(are) covered by Tax Key: (3) 2-7-001-001.
     Parcel Second is(are) covered by Tax Key: (3) 2-8-001-002.


2.   Reservation in favor of the State of Hawaii of all mineral and
     metallic mines.


3.   A portion of Parcel First and all of Parcel Second lie within
     Hilo Forest Reserve.


4.   -AS TO PARCEL FIRST:-

     (A)   The terms and provisions contained in the following:

           INSTRUMENT :   DECLARATION OF PRIVATE EASEMENTS

           DATED      :   November 10, 1975
           RECORDED   :   Liber 11047  Page 50


     (B)   Free flowage of streams of Hanolii Stream, Pohakupaa Stream,
           Pahoehoe Stream, Kapue Stream, Kaieie Stream and Kawainui
           Stream, all as shown on tax map.


     (C)   The terms and provisions contained in the following:

           INSTRUMENT :   DEED

A4

```
DATED      :  July 23, 1976
RECORDED   :  Liber 11553  Page 393
```

The foregoing includes, but is not limited to, matters
relating to mineral and water rights.

(D)  Any claim or boundary dispute which may exist or arise by
     reason of the failure of the Easement Agreement dated July
     23, 1976, recorded in Liber 11553 at Page 403, referred to
     in Schedule C to locate with certainty the boundaries of the
     easements for access purposes, designated as Easement "1",
     Easement "2A" and Easement "3", described in said
     instrument.

(E)  Discrepancies, conflicts in boundary lines, shortage in
     area, encroachments or any other matters which a correct
     survey or archaeological study would disclose.

     -Note:-  A current survey, with metes and bounds
              description, should be made of said premises.


5.   -AS TO PARCEL SECOND:-

(A)  The terms and provisions contained in the following:

     INSTRUMENT :  DEED

     DATED      :  July 23, 1976
     RECORDED   :  Liber 11553  Page 376

     The foregoing includes, but is not limited to, matters
     relating to mineral and water rights.

(B)  Claims arising out of the failure to convey the land
     described herein together with an easement or right of
     access.


6.   The terms and provisions contained in the following:

     INSTRUMENT :  EASEMENT AGREEMENT

     DATED      :  July 23, 1976
     RECORDED   :  Liber 11553  Page 403
     PARTIES    :  MAUNA KEA SUGAR COMPANY, INC., a Hawaii
                   corporation, and WORLD UNION INDUSTRIAL
                   CORPORATION, LTD., a Hong Kong, B.C.C. corporation

                   END OF EXHIBIT "A"

A5