# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>METROPOLITAN MORTGAGE &<br>SECURITIES, CO., INC., and<br>SUMMIT SECURITIES, INC.,<br><br>   Debtors. | Case No. 04-00757<br>Bankr. E.D. Wash.<br>Chapter 11 |
| SUMMIT CREDITORS' TRUST,<br><br>   Plaintiff,<br><br> vs.<br><br>HAWAII FOREST<br>PRESERVATION, LLC, et al.,<br><br>   Defendants. | Adv. Pro. No. 09-90020<br><br><br>Re: Docket No. 198 |

## MEMORANDUM OF DECISION ON POSTJUDGMENT INTEREST

  This is a mortgage foreclosure proceeding. The promissory note held by Finance Factors, Ltd. and secured by certain of the subject mortgages provides that, upon default, the interest rate increases to 24 percent per annum. I previously ruled that this contractual rate of interest continues to apply until a deficiency judgment is entered.

A junior mortgagee, GBBY Ewa Limited Partnership ("GBBY"), seeks reconsideration of this decision. GBBY argues that, after the court enters a decree of foreclosure, the judgment rate of interest should supplant the contract rate. A significant amount of money turns on this issue; the judgment rate under state law would be 10 percent and the applicable federal judgment rate would be only 0.35 percent.

The first question is choice of law. In a case brought in federal court where state law provides the rule of decision (such as this one), state law governs prejudgment interest and federal law governs postjudgment interest. <u>Northrop Corp. v. Triad Intern. Marketing, S.A.</u>, 842 F.2d 1154, 1155-56 (9th Cir. 1988).

28 U.S.C. § 1961(a) is the applicable federal statute. It provides:

> Interest shall be allowed on any *money judgment* in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

(Emphasis added). The question thus becomes whether a particular order or judgment is a "money judgment" within the meaning of section 1961(a).

Answering this question is difficult because this is a judicial foreclosure proceeding in which, under Hawaii law, there are two final and appealable judgments. The first is the decree of foreclosure, in which the court determines that the mortgaged property should be sold. The second is the judgment confirming the sale and fixing the amount of any deficiency.

> The rationale for permitting (and requiring) an appeal of a foreclosure decree and its accompanying order, even though there may be additional proceedings remaining in the circuit court, is that a foreclosure decree falls within that small class of orders 'which finally determine claims of right separate from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

Beneficial Hawaii, Inc. v. Casey, 98 Hawaii 159, 165, 45 P.3d 359, 365 (2002) (quoting International Sav. and Loan Ass'n Ltd. v. Woods, 69 Haw. 11, 731 P.2d 151 (1987)).

The question presented in this case is whether the decree of foreclosure is a "money judgment" for purposes of section 1961(a).

Relying primarily on Realty Finance, Inc., v. Schmidt, 104 Hawaii 191, 2004 WL 541878 (March 28, 2004) (unpublished), GBBY argues that the decree of foreclosure is a "money judgment" for this purpose. In that case, a mortgagee obtained a decree of foreclosure, and then assigned the notes and mortgages to a third party. The assignee agreed to make certain payments to the mortgagee and

3

further agreed to reassign the notes and mortgages to the original mortgagee if the assignee failed to make the promised payments. The mortgagor made substantial payments to the assignee of the mortgage in exchange for releases of some of the mortgaged properties. The assignee failed to pay the original mortgagee, and the original mortgagee obtained a reassignment of the notes and mortgages. The trial court confirmed sales of the remaining mortgaged properties and determined the amount of the deficiency, apparently not crediting the mortgagors for the payments they made to the assignee of the mortgage. Reasoning that the notes and mortgages merged into the decree of foreclosure, the Hawaii Supreme Court held that the mortgagor's debt should have been reduced by the payments to the assignee of the mortgage.

I decline to follow Realty Finance for several reasons.

First, it is an unpublished decision which the Supreme Court evidently did not intend to have full precedential value.

Second, the case did not involve the question of postjudgment interest at all.

Third, the case was governed entirely by state law. The court did not decide, and had no reason to consider, whether a decree of foreclosure is a "money judgment" for purposes of section 1961(a).

Fourth, I respectfully disagree with the court's resort to the doctrine of

4

U.S. Bankruptcy Court - Hawaii   #09-90020   Dkt # 367   Filed 09/27/10   Page 4 of 7

merger. "Merger" is an antiquated label for the rules which became known as res judicata and, more recently, claim preclusion. Taylor v. Sturgell, 553 U.S. 880, 892 n. 5 (2008). Courts said that claims were merged into a judgment as a way of illustrating the rule that a party can litigate a claim only once. Applying the concept of merger in other contexts elevates this metaphor into a universally applicable legal principle.

The appealability of the decree of foreclosure under Hawaii law[1] is also not determinative. Not all appealable orders are "money judgments" within the meaning of section 1961(a). For example, an order granting a preliminary injunction is immediately appealable, 28 U.S.C. § 1292(a)(1) (2006), but it is not a "money judgment" within any normal meaning of those words. Therefore, the fact that the decree of foreclosure is appealable does not necessarily mean that it is a "money judgment" under section 1961(a).

The parties also cite cases discussing when interest begins to accrue on a judgment for attorneys' fees. Most of the decisions hold that interest begins to accrue when the court enters an order unconditionally determining the party's right to recover the fees, rather than when the court decides the amount of the fees. See,

---

[1] I need not consider the interesting question of whether a federal appellate court would follow the Hawaii rule of finality in a judicial foreclosure case brought in federal court.

U.S. Bankruptcy Court - Hawaii   #09-90020   Dkt # 367   Filed 09/27/10   Page 5 of 7

e.g., Friend v. Kolodzieczak, 72 F.3d 1386, 1391-92 (9th Cir. 1995). These decisions are motivated, at least in part, by the fact that until interest begins to accrue on an award, the value of that award, and the benefit of the prevailing party's recovery, steadily erodes with the passage of time. In this case, interest is already accruing pursuant to Finance Factors' contract with its borrowers. The Supreme Court has observed that, "'[T]he purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant.'" Kaiser Aluminum & Chemical Corp. v. Bonjorno, 494 U.S. 827, 835-36 (1990) (quoting Poleto v. Consolidated Rail Corp., 826 F.2d 1270, 1280 (3d Cir. 1987)). GBBY's argument stands this purpose on its head. GBBY is attempting to use the statute, not to provide full compensation to Finance Factors, but rather to deprive Finance Factors of the compensation for which it bargained.

In my opinion, the correct view is expressed in Federal Deposit Ins. Corp. v. Senkovich, 806 F. Supp. 245, 250-51 (M.D. Fla. 1992), a judicial foreclosure proceeding in which the computation of the deficiency judgments was in issue. One of the questions presented was when interest began to accrue at the statutory judgment rate rather than the contract rate. The court held that the foreclosure order was not "a money judgment upon which execution could be had" and that

6

U.S. Bankruptcy Court - Hawaii   #09-90020   Dkt # 367   Filed 09/27/10   Page 6 of 7

statutory interest did not begin to accrue until entry of the deficiency judgments. Id.

As the Supreme Court also pointed out in Bonjorno, the language of section 1961 is the primary guide to its interpretation. 495 U.S. at 835. A decree of foreclosure is not a "money judgment" in the ordinary meaning of that phrase. The decree deals primarily with the foreclosure of the mortgage, an equitable remedy. The decree typically sets forth the amount of the mortgage debt, but the foreclosing lender could not obtain a post-judgment writ of garnishment or execution based only on the decree. In a foreclosure case, the "money judgment" for purposes of section 1961 is the deficiency judgment.

For these reasons, I conclude that a decree of foreclosure is not a "money judgment" within the meaning of section 1961(a) and that interest continues to accrue at the contract rate until a deficiency judgment is entered. Accordingly, the motion for reconsideration is DENIED.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: **09/27/2010**

7

U.S. Bankruptcy Court - Hawaii   #09-90020   Dkt # 367   Filed 09/27/10   Page 7 of 7